IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **RANDAL FRANKLIN CARAWAY** | § |
| | § |
| **V.** | §   A-08-CA-401-SS |
| | § |
| **THE LONE STAR STATE OF TEXAS,** | § |
| **TDCJ-CID, RISSIE OWENS,** | § |
| **CHRISTINA MELTON CRAIN,** | § |
| **BRAD LIVINGSTON, NATHANIEL** | § |
| **QUARTERMAN, JONI WHITE,** | § |
| **JANE DOE, ROBERT JAY EASON,** | § |
| **EMILY J. JACOBS, LINDA GABRIEL,** | § |
| **CHARLES AYCOCK, TERRIE LASKIE,** | § |
| **and CARLOS VALDEZ** | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendants' Amended Motion for Summary Judgment (Document No. 39); Defendants' Summary Judgment Evidence (attached to Document No. 29); and Plaintiff's Response and Motion

1

for Summary Judgment (Document No. 49). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Robertson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging the defendants are incorrectly calculating his parole eligibility. Plaintiff contends the defendants are calculating his parole eligibility date under the laws of the 73rd Legislature and are calculating his mandatory supervision release under the laws of the 70th Legislature. Plaintiff argues this action is a Bill of Attainder, cruel and unusual punishment and a violation of the Due Process Clause, Double Jeopardy Clause and the Separation of Powers doctrine.

The Court ordered service on the individuals named as defendants. The Court did not order service upon the "Lone Star State of Texas" or TDCJ-CID. Additionally, the Court did not order service upon the defendant identified as Jane Doe, because Plaintiff failed to provide the Court with information needed to serve the defendant.[1]

The individual defendants answered and move for summary judgment. According to the individual defendants, on April 15, 1996, the plaintiff was convicted of second degree murder, enhanced for punishment purposes, and sentenced to 99 years in prison. The crime was committed on September 28, 1994. Included in the trial court's judgment was an affirmative finding that Plaintiff caused the death under the immediate influence of sudden passion arising from an adequate cause pursuant to Texas Penal Code § 19.02(d). There was no finding of a deadly weapon. The

---

[1] The defendant identified as Jane Doe should be dismissed for want of prosecution.

records of the TDCJ Classifications and Records Division reveal his parole eligibility and mandatory supervision dates are governed by the dictates of the 73rd Texas Legislature.

Defendants argue Plaintiff's claims are not cognizable in a civil rights lawsuit. Defendants contend the relief Plaintiff seeks is to have his parole eligibility and mandatory supervision dates calculated so as to shorten the time he must serve in prison. Several of the defendants additionally argue they were not personally involved with regard to Plaintiff's time calculations. Defendants also argue Plaintiff's claims are without merit.

## II. ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

The Court will analyze Plaintiff's claims brought against the Lone Star State of Texas and TDCJ-CID pursuant to 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

1.     Eleventh Amendment Immunity

The "Lone Star State of Texas" and TDCJ-CID are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (1994).

B.     Standard of Review Under Fed. R. Civ. P. 56(c)

The Court will analyze Plaintiff's claims against the remaining defendants pursuant to Rule 56(c). A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the

4

absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    1.    Habeas v. Civil Rights

Defendants argue Plaintiff's claims must be brought in an application for habeas corpus relief. In this case, Plaintiff expressly invokes 42 U.S.C. § 1983 as the basis for his challenge to the calculation of his sentence. A prisoner may not file a civil rights lawsuit under 42 U.S.C. § 1983 to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 (1973). Rather, a prisoner who seeks his release from custody must pursue appropriate relief in state court followed, if necessary, by a petition governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. Id.

The "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges the rules, customs, and procedures affecting 'conditions' of confinement." Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (quoting Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987)). The Fifth Circuit has adopted the following "bright line rule" for resolving this issue: If a favorable determination would not automatically entitle the prisoner to accelerated release from confinement, the complaint is properly characterized as a § 1983 suit. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

Plaintiff does not challenge a particular decision denying his release on parole and he does not clearly attempt to seek his accelerated release. Rather, Plaintiff's complaint concerns the calculation of his sentence as it relates to his eligibility for early release from custody on parole. To the extent that Plaintiff seeks expedited consideration for early release on parole, his claims appear cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242 (2005); Sergio v. Members, Louisiana State Bd. of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987).

In his response to the defendants' Amended Motion for Summary Judgment Plaintiff argues he was told by counsel that he would be eligible for parole after serving one-fourth of his sentence. Plaintiff also argues his plea agreement was breached. These claims were not presented in his original complaint and must be brought in an application for habeas corpus relief as they are direct challenges to his conviction.

2.  Merits

Plaintiff argues the calculation of his parole eligibility and mandatory supervision release date amounts to a Bill of Attainder, cruel and unusual punishment and a violation of the Due Process Clause, Double Jeopardy Clause and the Separation of Powers doctrine. All of Plaintiff's claims fail, because they are all based on the same misinterpretation of the law regarding parole.

a.  Parole[2]

Rather than being subjected to the requirements of Article 42.18 § 8(b)(3) of the Texas Code of Criminal Procedure, which requires Plaintiff to serve at least 30 years in prison flat time, Plaintiff suggests his parole eligibility date should be calculated pursuant to Article 42.18 § 8(b)(5) of the Texas Code of Criminal Procedure.

Article 42.18 § 8(b)(3) provides:

If a prisoner, other than a prisoner described by Subdivision (4) of this subsection, is serving a sentence for the offenses listed in . . . Section 3g(a), Article 42.12 of this code, . . . he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum sentence or 30 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years.

TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(b)(3) (Vernon 1994).

Article 42.18 § 8(b)(5) provides:

Except as provided by Subsection (m) of this section, all other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-fourth of the maximum sentence imposed or 15 years, whichever is less.

TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(b)(5) (Vernon 1994).

---

[2] Plaintiff's parole eligibility is governed by the enactments of the 73rd Texas Legislature, because his crime was committed on September 28, 1994.

Plaintiff is serving a sentenced for murder under Section 19.02 of the Texas Penal Code, an offense listed in Section 3g(a).  Contrary to Plaintiff's assertions, Article 42.12 § 3g(a) does not make any distinctions between murder in the first degree or murder in the second degree. Accordingly, Plaintiff's parole eligibility is properly calculated pursuant to Article 42.18 § 8(b)(3). As such, Plaintiff will be eligible for parole when his actual calendar time served, without consideration of good conduct time, equals 30 calendar years.  Plaintiff's initial parole review date is scheduled for October 2, 2024.

     b.  Mandatory Supervision

The controlling statute regarding Plaintiff's mandatory supervision provides:

> Except as otherwise provided by this subsection, a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(5)(c) (Vernon 1994).

Because Plaintiff was convicted of murder in the second degree, he is eligible for mandatory supervision. Had Plaintiff been convicted of murder in the first degree, he would have been ineligible.  TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(5)(c)(1).  Plaintiff was sentenced to 99 years in prison.  Therefore, Plaintiff's flat time plus good time credits must equal 99 years to be released on mandatory supervision.  At the time the defendants filed their original motion for summary judgment, Plaintiff had flat time credit of 14 years, 2 months and 10 days and good time earned in the amount of 11 years, 10 months and 22 days.  His total mandatory supervision time credits at that time were 32 years, 8 months and 26 days.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against Jane Doe for want of prosecution, **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against the Lone Star State of Texas and TDCJ-CID for want of jurisdiction, **GRANT** the remaining defendants' Amended Motion for Summary Judgment [#39], and **DENY** Plaintiff's Motion for Summary Judgment [#49].

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of June, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE