IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2009 SEP 14  AM 10: 05

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
            DEPUTY

RANDAL FRANKLIN CARAWAY #756105,
               Plaintiff,

-vs-                                                        Case No.  A-08-CA-401-SS

THE LONE STAR STATE OF TEXAS,  TDCJ-
CID, RISSIE OWENS, CHRISTINA MELTON
CRAIN, BRAD LIVINGSTON, RICK THALER[1],
JONI WHITE Chief of Classification and Records
in Huntsville, JANE DOE Chief of Classification
and Records in Austin, ROBERT JAY EASON,
EMILY J. JACOBS, LINDA M. GABRIEL,
CHARLES AYCOCK, TERRIE LASKIE, and
CARLOS VALDEZ
               Defendants.

_____

### O R D E R

    BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically the Report and Recommendation of the United States Magistrate Judge [#52] and

Plaintiff's Objections to the Magistrate's Recommendation [#55].  For the reasons set forth below,

the undersigned finds Plaintiff Randal Franklin Caraway's claims against Jane Doe should be

DISMISSED for want of prosecution, Plaintiff's claims against the "Lone Star State of Texas"

("State of Texas") and the Texas Department of Criminal Justice, Correctional Institutions Division

("TDCJ-CID") should be DISMISSED for lack of jurisdiction, Plaintiff's Motion for Summary

_____

    [1]The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009,
Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice,
Correctional Institutions Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure,
Thaler is automatically substituted as a party.

Judgment [#49] should be DENIED, and Defendants' Amended Motion for Summary Judgment [#39] should be GRANTED.

All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002.  On June 24, 2009, the Magistrate Judge issued his report and recommendation that Caraway's claims should be dismissed.  Caraway filed written objections to the Magistrate's report and recommendation on July 8, 2009, thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Nevertheless, having reviewed the Complaint [#1], the report and recommendation, the objections, the summary judgment motions and evidence, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

## I. Background

At the time he filed his pro se civil rights complaint under 42 U.S.C. § 1983, Caraway was an inmate in the Robertson Unit of TDCJ-CID.  Caraway was convicted of second-degree murder, enhanced for punishment purposes, on April 15, 1996. Compl. App. at 12.  He was sentenced to 99 years in prison.  *Id.*  Included in the trial court's judgment was an affirmative finding, based on agreement of both parties, that Caraway caused the death under the immediate influence of sudden passion arising from an adequate cause under Texas Penal Code § 19.02(d).  *Id.*  There was no

-2-

finding regarding the use of a deadly weapon.  *Id.*  The records of the TDCJ Classification and Records Division reveal Caraway's parole eligibility and mandatory supervision dates are both governed by the law of the 73rd Legislature[2].

Caraway complains Defendants are incorrectly calculating his parole eligibility.  Caraway claims Defendants are applying the laws of the 70th Legislature to calculate his mandatory supervision release, but applying the laws of the 73rd Legislature to calculate his parole eligibility.  Compl. at 4(a).  He argues this action is a Bill of Attainder, cruel and unusual punishment, and a violation of the Due Process Clause, Double Jeopardy Clause, Contract Clause, and the Separation of Powers doctrine.  *Id.*  Caraway seeks declaratory and injunctive relief.

Defendants argue Caraway's claims are not appropriate for a civil rights suit under 42 U.S.C. § 1983, but must instead be brought in an application for habeas corpus relief.  Am. Mot. Summ. J. at 7.  Defendants also argue they were not personally involved in regard to Caraway's parole eligibility time calculations.  *Id.* at 9.  Finally, Defendants argue Caraway's claims are without merit.

## II. Analysis

### A. Jane Doe

Caraway has failed to provide the Court with information needed in order to serve the defendant identified as Jane Doe.  He does not provide Jane Doe's position, title, or address in the complaint.  Compl. at 3(c).  Caraway has made no further efforts to identify her.

A district court has authority to dismiss claims for want of prosecution.  FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's

---

[2]The law of the 73rd Legislature governs crimes committed between September 1, 1993 and August 31, 1995.  Caraway's crime was committed on September 28, 1994.

inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Caraway has not provided sufficient information to pursue any claims against Jane Doe. Therefore, these claims are dismissed without prejudice for want of prosecution.

### B.  State of Texas and TDCJ-CID

#### 1.  Standard Under 28 U.S.C. § 1915(e)

The Court did not order service upon the State of Texas or TDCJ-CID, and Caraway's claims against them are analyzed under 28 U.S.C. § 1915(e).  The Court may dismiss an in forma pauperis proceeding sua sponte under 28 U.S.C. § 1915(e) if it determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process, whether the defendant has answered or not.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  When reviewing a plaintiff's complaint, the Court must construe the plaintiff's allegations as liberally as possible.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's claims against the State of Texas and TDCJ-CID are not frivolous or malicious under the standards of 28 U.S.C. § 1915(e), but they do fail to state a claim upon which relief may be granted since they are barred by the Eleventh Amendment as explained below.

#### 2.  Eleventh Amendment Immunity

The State of Texas and TDCJ-CID are immune from suit under the Eleventh Amendment because the action is one against the sovereign.  *Pennhurst State School Hosp. v. Halderman*, 465

U.S. 89, 100-101 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Caraway objects that the Eleventh Amendment does not apply because he is seeking declaratory and injunctive relief. Pl.'s Objections at 3. However, in the case of these parties, State of Texas and TDCJ-CID, "this jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 101.

Caraway's claims against the remaining parties are not barred by the Eleventh Amendment and will be evaluated in the next section under the summary judgment standard.

### C.  All Other Defendants

#### 1. Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996).  The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  First, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48

(1986).  The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Anderson*, 477 U.S. at 256–257.  However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## 2.  Habeas Corpus vs. Civil Rights Claims

The Court agrees with the Magistrate Court's discussion of the validity of Caraway's claim under 42 U.S.C. § 1983, as opposed to a habeas corpus petition.  Defendants argue Caraway's claims are not appropriate for a civil rights suit under 42 U.S.C. § 1983, but must instead be brought in an application for habeas corpus relief.  Am. Mot. Summ. J. at 7.  A prisoner may not file a civil rights lawsuit under 42 U.S.C. § 1983 to challenge the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  If a prisoner seeks release from custody, he must pursue relief in state court followed, if necessary, by a petition for federal habeas corpus relief.  *Id.*

As the Magistrate discusses, Caraway is not clearly attempting to seek his release or challenge the fact or duration of his confinement.  Rather, his complaint is directed to the calculation of time required for parole eligibility.  This claim is therefore cognizable under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

However, in his response to Defendants' Amended Motion for Summary Judgment, Caraway raises the new argument that he was told by counsel he would be eligible for parole after less than fifteen years and this led him to plead guilty.  Pl.'s Resp. at 18.  Caraway also raises the new argument that his plea agreement was breached.  *Id.*  These claims were not presented in his original

-6-

complaint and must be brought in a petition for habeas corpus relief, rather than the current § 1983

action, since they are challenges to the fact of his conviction and confinement.

### 3. Calculation of Parole Eligibility

Caraway argues the method of calculation of his parole eligibility is a Bill of Attainder, cruel

and unusual punishment, and a violation of the Due Process Clause, Double Jeopardy Clause,

Contract Clause, and the Separation of Powers doctrine.  Essentially, Caraway argues application

of the parole laws to him constitutes punishment illegally added onto his original sentencing in the

trial court.  Compl. at 4(a).  This is a misinterpretation of the law regarding parole, and thus

Caraway's claims fail under the summary judgment standard.

#### a. Bill of Attainder, Cruel and Unusual Punishment and Due Process Violations

This Court agrees with the Magistrate that Caraway's parole eligibility date should be

calculated according to Article 42.18 § 8(b)(3) of the Texas Code of Criminal Procedure as governed

by the enactments of the 73rd Texas Legislature.  As such, the calculation of his parole eligibility

is not a Bill of Attainder, cruel and unusual punishment, or a violation of the Due Process Clause.

Article 42.18 § 8(b)(3) provides:

> If a prisoner . . . is serving a sentence for the offenses listed in Subdivision
> (1)(A), (C), (D), (E), or (F) of Section 3g(a), Article 42.12 of this code . . . he is not
> eligible for release on parole until his actual calendar time served, without
> consideration of good conduct time, equals one-half of the maximum sentence or 30
> calendar years, whichever is less.

TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(b)(3) (Vernon 1994).  The offenses listed in Subdivision

(1)(A), (C), (D), (E), or (F) of Section 3g(a), Article 42.12 are: Section 19.02 (Murder); Section

21.11(a)(1) ( Indecency with a child); Section 20.04 (Aggravated kidnapping); Section 22.021

(Aggravated sexual assault); Section 29.03 (Aggravated robbery). TEX. CODE CRIM. PRO. ANN. art. 42.12 § 3g(a) (Vernon 1994).

Caraway is serving a sentence for murder under Section 19.02 of the Texas Penal Code, an offense listed in Article 42.12 § 3g(a)(1)(A). Thus, Plaintiff's parole eligibility calculation is proper under Article 42.18 § 8(b)(3) and he is not eligible for release on parole until his actual calendar time served is 30 calendar years.

Caraway argues that the Texas Code of Criminal Procedure distinguishes between first- and second-degree murder convictions in Article 42.12 § 3g(a). He argues that his second degree conviction, without a deadly weapon, is thus not part of the Article 42.12 § 3g(a) list. Caraway is incorrect. The list of offenses in the Article 42.12 § 3g(a) does not distinguish between degrees of murder. TEX. CODE CRIM. PRO. ANN. art. 42.12 § 3g(a)(1)(A). Caraway was convicted of murder in the second degree, enhanced for punishment purposes, under Section 19.02(d) of the Texas Penal Code on April 15, 1996. Thus his conviction falls under the list of offenses in Article 42.12 § 3g(a), specifically Subdivision (1)(A), and his parole eligibility is properly calculated under Article 42.18 § 8(b)(3) and properly scheduled for October 2, 2024.

Caraway also argues the Nunc Pro Tunc order correcting his felony degree to make him eligible for mandatory supervision should also have changed the calculation of his parole eligibility. Compl. at 4(a); App. B at 16. This is also incorrect. As discussed above, the degree of murder is not relevant to the parole eligibility calculation under Article 42.18 § 8(b)(3) of the Texas Code of Criminal Procedure.

### b.  Double Jeopardy Claim

As discussed above, Caraway's parole eligibility is properly calculated under Article 42.18 § 8(b)(3).  Caraway must serve 30 years actual calendar time before he is eligible for parole.  This requirement is not an additional punishment raising an issue of double jeopardy.  Rather, it is a condition of his original sentence for Section 19.02 murder.

### c.  Contracts Clause Violation

Caraway argues the trial court's judgment sentencing him to 99 years in prison is a binding contract.  Since the judgment did not include language requiring him to serve 30 calendar years before parole eligibility, he contends the State is impairing the contract in violation of the Contracts Clause.  Again, Caraway misunderstands the parole eligibility requirements.  Regardless whether the trial court's judgment could properly be understood as a contract, parole eligibility requirements need not be included in the judgment itself in order for them to be valid.  Parole is calculated under a separate law than sentencing and is properly calculated under Article 42.18 § 8(b)(3) in this case.

### d.  Separation of Powers Doctrine

Caraway also argues the calculation of his parole eligibility is an unconstitutional addition by the legislature to his sentence from the judiciary and thus a violation of the Separation of Powers Doctrine.  As discussed above, Caraway's eligibility for parole is not an additional punishment by the legislature and thus is not a violation of the Separation of Powers Doctrine.

### 4.  Mandatory Supervision

Finally, Caraway argues calculating his eligibility for mandatory supervision differently than calculating his eligibility for parole is illegal.  He contends that both calculations should be the same–either both should be calculated according to actual calendar time, or both should be calculated

according to actual calendar time plus good time credits. This is not correct. Article 42.18 § 8(b)(3) requires 30 years actual calendar time served before eligibility for parole, whereas Article 42.18 § 8(5)(c) requires calendar time and good time credits add up to the maximum term sentenced in order to qualify for mandatory supervision. These calculations are not required to be identical and their differences do not make either illegal.

The Court agrees with the Magistrate Court's assessment of Caraway's eligibility for mandatory supervision under Article 42.18 § 8(5)(c). Following the entry of the Nunc Pro Tunc order correcting his conviction to second degree murder, Caraway became properly eligible for mandatory supervision once his flat time plus good time credits equal 99 years. TEX. CODE CRIM. PRO. ANN. art. 42.18 § 8(5)(c) ("Except as otherwise provided by this subsection, a prisoner who is not on parole shall be released to mandatory supervision . . . when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced."). As the Magistrate Court discusses, at the time Defendants filed their original summary judgment motion, Plaintiff had a total time credit of 32 years, 8 months, and 26 days.

### IV.  Conclusion

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#7] is ACCEPTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Jane Doe, the State of Texas, and TDCJ-CID are DISMISSED.

IT IS FINALLY ORDERED that Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

SIGNED this the _9th_ day of September 2009.


_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE